# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00460-CR

**James Thomas LaPointe, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 03-111-K368, HONORABLE BURT CARNES, JUDGE PRESIDING**

### O P I N I O N

On April 28, 2005, this Court abated James LaPointe's appeal of his convictions for aggravated kidnapping, assault-family violence, and aggravated sexual assault for the district court to conduct a hearing pursuant to rule of evidence 412. *See LaPointe v. State*, 166 S.W.3d 287, 300 (Tex. App.—Austin 2005, pet. dism'd). The district court has now held the hearing in accordance with our opinion.

In his original brief on appeal, James[1] raised five issues challenging the sufficiency of the evidence and alleging that the district court erred by excluding him and his counsel from the *in camera* hearing required by rule 412; refusing to allow him to make an offer of proof; excluding relevant evidence; and admitting evidence of other crimes, wrongs, or acts. In a supplemental brief, James raises additional issues challenging the district court's jurisdiction to conduct the *in camera*

---

[1] To avoid confusion, we will refer to the appellant and victim by their first names.

hearing for which we abated the appeal and complaining of other rulings made at the hearing. We affirm the convictions.

**The *In Camera* Hearing**

In accordance with this Court's opinion, the district court heard testimony from Kara LaPointe and sexual assault nurse examiner Kathleen Gann regarding Kara's past sexual conduct. Both witnesses were questioned by counsel for the State and the defense in a closed courtroom.[2] The district court did not permit argument at the conclusion of the hearing and no ruling was made with regard to whether any admissible evidence had been elicited.

James first complains that the district court lacked jurisdiction because his *pro se* petition for discretionary review was pending with the court of criminal appeals at the time of the hearing. However, this Court's opinion abating James's appeal was not a reviewable decision. *See Williams v. State*, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989) (court of criminal appeals will not entertain petition for discretionary review from court of appeals abatement of appeal). Thus, James's *pro se* petition was not a proper petition and could not have deprived the district court of jurisdiction. *Cf. Welsh v. State*, 108 S.W.3d 921, 923 (Tex. App.—Dallas 2003, no pet.) (motion for new trial a

---

[2] We acknowledge the district court's concern that conducting the hearing in a closed courtroom does not alleviate the emotional impact on the victim of answering questions from the accused regarding her past sexual conduct. However, rule 412 acts primarily as an evidentiary shield, preventing the defendant from shifting the focus of trial from his conduct to the character of the victim. To the extent it is shown that a witness is uniquely vulnerable or needs protection from specific acts of intimidation, the district court has discretion to fashion a remedy that both protects the witness and ensures adequate confrontation. *See* Tex. R. Evid. 611(a) (court shall exercise reasonable control over the mode and order of interrogation of witnesses to protect witnesses from harassment or undue embarrassment).

nullity in denial of request for DNA testing and is ineffective to extend time to file notice of appeal); *Murray v. State*, 89 S.W.3d 187, 188 (Tex. App.—Dallas 2002, pet. ref'd) (motion for new trial unavailable to challenge deferred adjudication and is ineffective to extend time for filing notice of appeal); *Garcia v. State*, 29 S.W.3d 899, 901 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Accordingly, the district court had jurisdiction to conduct the *in camera* hearing pursuant to our opinion.

James also raises procedural issues relating to the hearing. He contends that the district court erroneously prevented him from questioning both Kara and Gann about issues relating to Kara's bias and motive to lie about her sexual history. Specifically, he argues that Kara had a motive to manufacture her allegations against James in order to create an advantage in the dispute over custody of their son. The scope of appropriate cross-examination is necessarily broad, and a defendant is entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias or interest for the witness to testify. *Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). The right to confrontation certainly entitled James to question witnesses regarding motive and bias at trial. However, the record does not indicate that any limitations were placed on James's ability to raise issues regarding child custody before the jury. Rule 412 only prohibited cross-examination with regard to instances of prior sexual conduct. The district court correctly limited the scope of the hearing to eliciting specific evidence of Kara's prior sexual conduct.

James further contends that the district court erred by overruling his request for a continuance of the *in camera* hearing and refusing to allow him to recall Gann. We review the

3

decision to deny a continuance and to limit the questioning of a witness under an abuse of discretion standard. *See Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996) (continuance); *Knox v. State*, 31 S.W.3d 700, 702-03 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (recall witness). In this case, the district court overruled James's request for a continuance with regard to Gann's testimony. The district court granted James's request with regard to Kara's testimony, and her testimony was postponed for several weeks. At the conclusion of Kara's testimony, James asked to recall Gann to "ask some rebuttal questions." In response, the district court asked James to provide what questions he would ask so that the court could determine whether it was worth the expense of bringing the witness in from out of state. It does not appear from the record that James ever submitted these questions, nor has he asserted on appeal what he would have asked in rebuttal. Although James vaguely asserted in his motion that time did not permit the issuance of subpoenas for certain medical records, he did not establish what records he was seeking, how those records would be useful, or whether he could have obtained those records for the subsequent hearing regarding Kara's testimony. On this record, the district court did not abuse its discretion by overruling in part James's motion for continuance or by denying his request to recall Gann.

Having overruled the procedural issues raised in James's supplemental brief, we now consider James's original issues relating to the *in camera* hearing. Reviewing the record, we hold that the *in camera* hearing was conducted in compliance with rule 412 and the constitutional concerns raised in our prior opinion. Accordingly, the errors complained of in James's issues one and four have been corrected and we overrule these issues.

**Exclusion of Evidence**

In his second issue, James argues that he should have been permitted to introduce evidence that (1) Kara believed her past sexual conduct could result in the loss of custody of her son, (2) a bottle on which Chance Burton's DNA was found could have been used in a sexual encounter between Kara and Burton, and (3) Kara's injuries were consistent with her preferred method of sexual behavior. James also contends that the trial court erred by excluding evidence of Kara's problems with mental illness and substance abuse. We review the district court's determination of whether to exclude evidence under an abuse of discretion standard. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

Much of James's argument focuses on evidence of Kara's 1998 emergency room visit for treatment of bruising all over her body. She reported to emergency room staff that she had recently been diagnosed with a bipolar disorder, had been intoxicated on a daily basis for several weeks, and did not remember recent events. In the report, she stated that she was concerned that her injuries were related to a "sexual advance." Even taking this report as true, we do not find that this evidence was admissible as an exception under rule 412(b). At best the report contains only speculation by Kara that she might have been sexually assaulted, not evidence that her injuries were sustained through consensual sex. Furthermore, Kara testified at the *in camera* hearing that she had made up the story to cover up the fact that her injuries were the result of James hitting and kicking her. James did not establish any sexual component to Kara's injuries at this hearing. Based on the record at trial and the evidence developed at the later *in camera* hearing, we hold that the trial court did not abuse its discretion by excluding Kara's statements made during a 1998 emergency room visit.

In considering James's other complaints regarding instances of past sexual conduct, we note that James was given considerable latitude in exploring Kara's prior sexual conduct at the *in camera* hearing. Despite extensive questioning, James failed to elicit any admissible evidence of Kara's prior sexual conduct. *See* Tex. R. Evid. 412(b). Moreover, evidence of Kara's relationship with Burton and the fact that he could not be excluded as a contributor of DNA found on a bottle collected from James's apartment was admitted at trial.[3]

Finally, James contends that he was prevented from introducing evidence of Kara's mental health and substance abuse problems. At trial, he argued that Kara's bipolar disorder represented a "persistent disabling mental problem" that could affect her testimony. However, James did not present expert testimony or otherwise establish that Kara's bipolar disorder and problems with substance abuse would have affected her ability to recall the events of the crime or to give truthful testimony at trial. Furthermore, the jury heard evidence that Kara had been hospitalized for two weeks for alcoholism. The district court did not abuse its discretion by excluding further evidence of Kara's bipolar disorder and substance abuse problems.

Our abatement allowed James to fully explore Kara's prior sexual conduct to determine whether admissible evidence was improperly excluded at trial. Based on this complete record, we hold that the district court did not exclude admissible evidence under rule 412. Accordingly, we overrule James's second issue.

---

[3] James also elicited testimony from Gann that it was reported on Kara's hospital chart that Kara's husband said Kara's injuries might be from rough sex with "some guy."

6

**Evidence of Other Crimes, Wrongs or Acts**

During the kidnapping, James took Kara and their child to his apartment in Travis County. Kara testified that James held her at his apartment and repeatedly sexually assaulted her before returning Kara to her mother's home in Williamson County the following day. James sexually assaulted Kara again at her mother's apartment before releasing her. James objected to this testimony arguing that, because he was on trial only for acts committed in Williamson County, the Travis County offenses amounted to improper character evidence under rule 404(b), and the testimony was otherwise inadmissable because its probative value was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403, 404(b). He raises the same objections in his third issue on appeal.

Evidence of other crimes, wrongs, or acts is generally inadmissible to prove the character of a person in order to show action in conformity therewith. Tex. R. Evid. 404(b). However, such evidence is admissible for other purposes. *Id.* Here, evidence of the Travis County assaults provided necessary context to Kara's narrative of the events. The court of criminal appeals has explained that "same transaction contextual evidence" constitutes an exception to rule of evidence 404(b) because such evidence is necessary to the jury's understanding of the offenses charged. *See Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) ("an offense is not tried in a vacuum" and jury entitled to know all facts and circumstances of the offense). However, this type of evidence is admissible only to the extent it is necessary; "when the offense would make little or no sense without bringing in the same transaction evidence." *Id.* (quoting *England v. State*, 887 S.W.2d 902, 915 (Tex. Crim. App. 1994)).

Here, the State was entitled to present a coherent story of the offense. Much of the defense case was devoted to questioning Kara's credibility and suggesting that she could have escaped during the ordeal. To have excluded all of the events that occurred in Travis County would have left an unexplained twelve-hour gap in Kara's narrative of the crime. The defense strategy required that the State discuss the entire criminal transaction to address any question regarding the credibility of Kara's account. The Travis County and Williamson County offenses were so intermixed that they formed an indivisible criminal transaction, and the State was entitled to introduce evidence of the entire transaction. *See McDonald v. State*, 179 S.W.3d 571, 578 (Tex. Crim. App. 2005); *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993).

In determining whether the prejudicial effect of evidence substantially outweighs its probative value under rule 403, we consider (1) how compellingly evidence of the extraneous offense serves to make a fact of consequence more or less probable; (2) the extraneous offense's potential to impress the jury in some irrational but indelible way; (3) the trial time that the proponent will require to develop evidence of the extraneous misconduct; and (4) the proponent's need for the extraneous transaction evidence. *Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002). In light of the indivisible nature of these offenses, the State had a considerable need to provide the entire story of the offense. Although the Travis County offenses were severe, they were similar to those committed in Williamson County and took place in the same criminal transaction. Thus, the Travis County offenses were unlikely to irrationally impress the jury. Weighing the relevant factors, we hold that the probative value of the evidence of assaults in Travis County was not substantially outweighed by any unfair prejudice. *See* Tex. R. Evid. 403. We overrule James's third issue.

**Sufficiency of the Evidence**

In his fifth issue, James contends that the evidence was factually insufficient to support the convictions. Although he correctly recites the standard of review, James provides no specific argument for why the proof was factually insufficient in his case. This issue is inadequately briefed. However, in the interest of justice, we will review the record for factual sufficiency.

When there is a challenge to the sufficiency of the evidence to sustain a criminal conviction, the question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). We give deference to the jury's determinations, particularly those concerning the weight and credibility of the evidence. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The reviewing court may disagree with the result only to prevent a manifest injustice. *Id*. The evidence will be deemed factually insufficient to sustain the conviction if the evidence of guilt, considered alone, is too weak to support a finding of guilt beyond a reasonable doubt, or if the strength of the contrary evidence precludes a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85. In conducting a legal or factual sufficiency review, we consider all the evidence, rightly or wrongly admitted. *See Camarillo v. State*, 82 S.W.3d 529, 537 (Tex. App.—Austin 2002, no pet.).

James acknowledges in his brief that the jury determines the credibility of witnesses and that it is for the jury to choose between two equally competing theories of the case. *See*

*Goodman*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001). Here, James's convictions were based primarily on Kara's testimony. Kara's account of the assaults and kidnapping was corroborated by her injuries, physical evidence found at James's apartment, and James's attempt to evade the police. James questioned Kara's credibility through cross-examination and implied that the injuries were sustained in the course of rough consensual sex. The jury chose to believe Kara and, on this record, deference to that determination would not produce a miscarriage of justice. We overrule James's fifth and final issue.

## CONCLUSION

The district court has conducted a proper hearing in accordance with rule of evidence 412 that has enabled this Court to review all of James's issues. We overrule his issues and affirm the convictions.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Pemberton;
    Justice Kidd Not Participating

Affirmed

Filed: June 2, 2006

Released for publication July 28, 2006. Tex. R. App. P. 47.3(c).