# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00789-CV

## In re James Thomas LaPointe

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

James Thomas LaPointe, an inmate appearing pro se, has filed a petition for writ of mandamus. In his petition, LaPointe challenges his 2003 felony conviction of three counts of aggravated sexual assault, one count of aggravated kidnapping, and one count of family-violence assault, raising a number of issues regarding the sufficiency of the evidence and the effectiveness of appointed counsel.[1] LaPointe asserts that this Court has jurisdiction over this original proceeding because in January 2010, the trial court "denied" his "11.07 writ of habeas corpus." *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010) (governing post-conviction writs of habeas corpus in felony cases not involving death penalty).

In substance, LaPointe's mandamus petition appears to be an attempt to file an application for a post-conviction writ of habeas corpus under article 11.07 of the code of criminal procedure. Intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas

---

[1] The direct appeal of LaPointe's conviction was initially heard by this Court in 2005, resulting in a remand to the trial court. *See LaPointe v. State*, 166 S.W.3d 287 (Tex. App.—Austin 2005, pet. dism'd). In LaPointe's subsequent appeal, this Court affirmed his conviction. *See LaPointe v. State*, 196 S.W.3d 831 (Tex. App.—Austin 2006), *aff'd*, 225 S.W.3d 513 (Tex. Crim. App. 2007).

corpus in felony cases. *See Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *Self v. State*, 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to court of criminal appeals). The court of criminal appeals has recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (quoting *Charles v. State*, 809 S.W.2d 574, 576 (Tex. App.—San Antonio 1991, no pet.)). We note also that while a post-conviction application for habeas relief under article 11.07 must be filed in the court of original conviction, that court does not decide the merits of the application, but simply makes any necessary findings of fact and forwards the record to the court of criminal appeals for a final ruling. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5. The court of criminal appeals has exclusive jurisdiction to resolve the merits of a post-conviction application for habeas relief under article 11.07. *See id.* § 5; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).

Because we have no jurisdiction over what is in effect a post-conviction habeas corpus proceeding under article 11.07, we dismiss LaPointe's petition for writ of mandamus.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed:   December 17, 2010