**Augustine RAMIREZ, Appellant,**

v.

**The STATE of Texas.**

No. 260–02.

Court of Criminal Appeals of Texas, En banc.

April 30, 2003.

Scott Brown, Fort Worth, for Appellant.

C. James Gibson, Asst. DA Tarrant County, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, P.J., delivered the opinion of the Court, in which MEYERS, PRICE, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant pled guilty to aggravated sexual assault. He told the trial court that he was born in 1978, which would have made him an adult when he committed the offense. Appellant filed a *pro se,* general notice of appeal, which included as an attachment a Spanish-language document. Trial counsel filed a motion to withdraw. The Court of Appeals granted the motion, abated the appeal, and remanded the case for a hearing to determine whether appellant was indigent and entitled to appointed counsel.

At the hearing, a copy of the Spanish-language document was brought to the trial court's attention. The trial court appointed counsel and remarked, for purposes of the record, that the Spanish-language document contained in the clerk's record had been attached to the notice of appeal, that it purported to be a birth certificate from Mexico, and that it indicated that appellant was born in 1982. The

trial court expressed no opinion concerning whether the document was in fact a valid birth certificate or whether it pertained to appellant. The trial court also remarked that he had specifically noted on the notice of appeal that he did not grant permission to appeal, and he reiterated that he still did not grant permission to appeal.

Initially, the Court of Appeals dismissed the appeal for want of jurisdiction on the ground that appellant had filed a general notice of appeal.[1] Appellant petitioned for discretionary review from that decision. Pursuant to Texas Rule of Appellate Procedure 50, the Court of Appeals withdrew its opinion and substituted a new opinion reinstating the appeal on the ground that the attached Spanish-language document caused the notice of appeal to be in substantial compliance with Texas Rule of Appellate Procedure 25.2(b).[2]

Subsequently, the Court of Appeals issued an opinion reversing the trial court's judgment and remanding the case to the trial court with instructions to determine whether the juvenile court has jurisdiction over appellant.[3] Although the Court of Appeals held that it could not accept the Spanish-language document as evidence that appellant was a juvenile because the document had not been introduced into evidence at trial, the Court of Appeals held that "the trial court here could have determined whether the birth certificate is what it purports to be."[4]

We granted the State's petition for discretionary review and now find that the Court of Appeals erred. The Spanish-language document was not offered as evidence at trial, nor was it made the subject of a motion for new trial. Although the document was before the trial court at the hearing to appoint counsel, the trial court's general jurisdiction had expired upon the filing of the notice of appeal,[5] and the trial court had authority to proceed only for limited purposes set out by law[6]—in this instance, to determine whether the appellant was entitled to appointed counsel.

Because the document was attached to the notice of appeal, it was part of the allegations pled in the notice, and therefore, the Court of Appeals could consider it for the purpose of determining whether the notice was in substantial compliance with the rules.[7] However, as the Court of Appeals properly recognized, the document could not be considered as substantive evidence in support of a point of error.[8] There was, therefore, no evidence in

1. *Ramirez v. State*, No. 2–00–378–CR, slip op. (Tex.App.-Fort Worth, November 22, 2000)(unpublished).

2. *Ramirez v. State*, 63 S.W.3d 471 (Tex.App.-Fort Worth 2001).

3. *Ramirez v. State*, No. 2–00–378–CR, slip op. at 7 (Tex.App.-Fort Worth, January 10, 2002)(unpublished).

4. *Id.* at 6.

5. *See* Tex.R.App. P. 25.2(e); *Lopez v. State*, 18 S.W.3d 637, 639 (Tex.Crim.App.2000); *Berry v. State*, 995 S.W.2d 699, 700 (Tex.Crim.App. 1999).

6. Rule 25.2(e).

7. *See Johnson v. State*, 84 S.W.3d 658, 660 (Tex.Crim.App.2002). We express no opinion regarding whether a foreign-language document could ever render a notice of appeal sufficient.

8. *Vargas v. State*, 838 S.W.2d 552, 556–557 (Tex.Crim.App.1992), *op. withdrawn and substitute opinion issued,* 1992 Tex.Crim. LEXIS 173 (Sept. 16, 1992)(cited paragraph contained in substituted opinion)(appellate court cannot rely on juror information cards to resolve *Batson* issue when juror information cards were not presented to the trial court for consideration in making its ruling); *Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim.App.1981)(appellate court cannot consider affidavit that was not introduced at trial).

the record of a lack of jurisdiction. And because appellant did not submit the document to the trial court at a time in which the trial court was empowered to take evidence regarding appellant's jurisdictional claim, the Court of Appeals erred in remanding the case for the trial court to consider such evidence.[9]

Because of our disposition of the State's second ground for review, we need not address its first ground. The judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.[10]

WOMACK, J., filed a concurring opinion, in which HOLCOMB and COCHRAN, JJ., joined.

JOHNSON, J. concurred.

WOMACK, J., filed a concurring opinion, in which HOLCOMB and COCHRAN, JJ., joined.

I agree with the Court's judgment affirming the judgment of the district court, but for a different, and more basic, reason.

I believe that it is a moot question whether the attachment of the "birth certificate" to the notice of appeal was sufficient to "specify that the appeal is for a jurisdictional defect" under former Rule of Appellate Procedure 25.2(b)(3)(A),[1] because such an appeal is not authorized by law.

Recently we decided that we had erred when we held that a defendant in a plea-bargain case could appeal the voluntariness of his plea.[2] The reason was that a legislative enactment in 1977 had limited a defendant's right to appeal in a plea-bargain case to two kinds of cases, and we had no authority to extend the right of appeal to other kinds of cases. "The legislature forbade it in 1977, and to do so would completely frustrate the statute. Our rule-making authority does not extend to enlarging the right of appeal in this fashion."[3]

When we decided that case, we "noticed" that the Rule of Appellate Procedure also "modified the 1977 statute" when it "added a restriction to 'nonjurisdictional' defects

---

**9.** *See Farris v. State,* 712 S.W.2d 512, 515–516 (Tex.Crim.App.1986)(appellate record cannot be supplemented with evidence not developed during the proceedings surrounding the defendant's trial; proper avenue for introducing evidence not contained in the trial record is a hearing pursuant to a motion for new trial or an application for writ of habeas corpus); *See also Berry,* 995 S.W.2d at 702 (Court of Appeals is not empowered to remand for supplementation of the record with fact findings absent affirmative duty possessed by the trial court to make such findings); *Solomon v. State,* 49 S.W.3d 356, 365 (Tex.Crim.App.2001)(supplementation rules cannot be used to create a new record; citing *Berry* and *Green v. State,* 906 S.W.2d 937 (Tex.Crim.App.1995)).

**10.** There are no other points of error to be resolved. In his concurring opinion, Judge Womack contends that, under former Rule 25.2(b)(3)(A), the defendant may not raise a jurisdictional claim on appeal without permission from the trial court. The parties did

not brief that issue and we decline to address it here.

**1.** "But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;
(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
(C) state that the trial court granted permission to appeal." Tex.R.App. P. 25.2(b), 60 Tex. B.J. 878, 899 (Tex.Cr.App.1997, amended 2003).

**2.** *See Cooper v. State,* 45 S.W.3d 77 (Tex.Cr.App.2001).

**3.** *Id.,* at 81.

or errors."[4] We did not decide the validity of that modification because it was not presented in the appeal that was before us. But the decision about allowing appeals of jurisdictional defects must be the same as the decision we made about allowing appeals of voluntariness: The legislature forbade it in 1977, and to permit it would completely frustrate the statute, which had "the legislative purpose to eliminate meritless appeals."[5] What we said about pleabargainers' appeals of voluntariness is just as true about this appeal of a jurisdictional defect:

> The legislature reasonably determined to eliminate a small number of meritorious appeals to prevent a much larger number of meritless appeals.

> This decision may be seen as even more reasonable when it is remembered that meritorious claims of [jurisdictional defects] may be raised by other procedures: motion for new trial and habeas corpus. These procedures are not only adequate to resolve claims of [jurisdictional defects], but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record.[6]

Here, after receiving a forty-year sentence in adult court, the appellant says that he was a juvenile all along. To prove it, he filed a birth certificate that he says is his. The appellate record is inadequate for a court to decide whether his claim is true. He should seek a writ of habeas corpus, returnable to this court, so that he can try to prove his factual claim.

Therefore I agree that the judgment of the district court should not be disturbed on appeal, but for a reason other than the Court's.

