COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-451-CR
 
DANIEL ALVARADO
                                                             
        APPELLANT
V.
THE STATE OF TEXAS
                                                             
        STATE
------------
FROM THE 362
ND DISTRICT COURT OF DENTON
COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Daniel Alvarado appeals from the
trial court's denial of his sworn motion for DNA testing. The issue before this
court is whether the State's general unsworn response to Appellant's specific
sworn motion is adequate. Because we hold that it is not, we reverse the trial
court's order.
Background Facts
On October 12, 2001, Appellant filed a
general, unsworn pro se motion for DNA testing. On October 30, 2001, the trial
court appointed counsel to represent Appellant. On July 16, 2002, the State
filed an unsworn general response. On August 9, 2002, Appellant's counsel filed
a second motion for DNA testing and personally served it on the prosecutor. The
second motion was sworn and supported by Appellant's affidavit, specifically
asserting that the police and prosecutor in the trial proceedings had mentioned
that the State had collected from the complainant a pair of panties filled with
semen. On September 30, 2002, over six weeks after it had been served with the
second motion for DNA testing, the State filed a letter with the trial court
stating the following:

        
 In accordance with 64.02(b) of the Code of Criminal Procedure, the State sent
 this Court its explanation as to why the State is unable to deliver any
 evidence to the Court by letter dated July 11, 2002 (see copy attached).
 Pursuant to that explanation, the State is requesting that the Court sign the
 enclosed Order denying the Defendant's motion for DNA testing and enter said
 Order in the record of the cause.

To this letter the State attached a copy
of its response to the original motion, which provided that the State was unable
to deliver any evidence because Appellant's motion was unsworn, was not
accompanied by Appellant's sworn affidavit, and did not specifically describe
evidence in the State's possession. The response also provided as a reason that:

 "[n]o evidence containing
 biological material was collected or seized from the Complainant or the
 Defendant in this case. . . . The only physical evidence collected during the
 investigation was a written statement from the Defendant and a written
 statement from the victim's mother."

On that same day, the trial court signed
the State's proposed order denying DNA testing. Appellant filed a timely notice
of appeal.
The Record On Appeal
Months after Appellant filed his notice of
appeal, we received a so-called supplemental reporter's record of a hearing on
the State's motion to deny DNA testing. That motion was filed after this court
and the State had already received Appellant's brief in this case. We note that
neither party requested to supplement the record or abate this case for that
hearing, nor has either party filed a motion to dismiss this case. Without
addressing the trial court's jurisdiction to entertain the State's motion filed
after this appeal was underway, we conclude that any proceedings occurring below
after we obtained jurisdiction of this case are outside the record.
That is, neither the State's motion, the hearing thereon, nor the resulting
order is part of the record on appeal in this case. We shall therefore
not consider them, nor any arguments relying on them.(2)
The Motion, Response, and
Order at Issue
The State argues that no appealable order
has been entered and that the pro se motion for DNA testing is not in compliance
with article 64.01. The State is correct about the quality of the pro se motion.
The pro se motion for DNA testing is not in compliance with the statute.(3)
The second, sworn motion, however, is in compliance.(4)
The State argues that its response, filed in July 2002 and again as an
attachment in September 2002, was a response to the first motion only and,
similarly, that the trial court's order denying DNA testing, entered on
September 30, 2002, more than six weeks after the second motion was filed, was
only on the first motion. Appellant appears to agree, but then argues
alternatively that if we determine that the record shows that the order denied
the second motion, then the State's response was inadequate under the statute.
We do so determine.
The live motion at the time of the order
was the sworn motion filed by Appellant's appointed counsel; the live response
was the State's letter dated September 25, 2002 with the July 11, 2002 response
attached. Consequently, the September 30, 2002 order denied the live motion that
was before the trial court as of that date.
Section 64.01 Requirements
Appellant argues that the State's response
is deficient because it is unsworn and unsupported by attached evidence. In its
brief, the State "concedes that the response filed on July 11, 2002, is
insufficient to support the trial court's Order absent a sworn affidavit
attesting to the facts stated therein or in-court testimony supporting the
statements made." We agree that attaching a sworn affidavit or presenting
evidence at a hearing is the better practice for achieving compliance with the
statute, even though the statute does not mandate it.(5)
The statute does mandate, however, that the convicting court require
the State to "(A) deliver the evidence to the court, along with a
description of the evidence; or (B) explain in writing to the court why the
state cannot deliver the evidence to the court."(6)
Appellant's affidavit attached to his sworn motion specifically described the
evidence at issue: "the victim's underwear full of semen," and
specifically alleged that both a Lewisville police officer and a Denton County
prosecutor involved with his case had told him that they had "the victim's
underwear full of semen." The State's September 25, 2002 letter, with the
copy of the July 11, 2002 response attached, contains no explanation of why the
State cannot produce "the victim's underwear full of semen." It
contains no evidence inventory sheet, no statements by either the trial
prosecutor or Lewisville police officers involved with the case, and no
indication that those relevant persons were contacted about Appellant's
allegations. We therefore hold that the State's response was inadequate under
the statute.(7) Because the trial court did not
require the State to submit the explanation mandated by the statute, the trial
court abused its discretion. We therefore sustain Appellant's point on appeal,
reverse the trial court's order, and remand this case to the trial court for
proceedings consistent with this opinion.
 
                                                             
        LEE
ANN DAUPHINOT
                                                             
        JUSTICE
 
PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 28, 2003

1. See Tex. R. App. P. 47.4.
2. See Tex. R. App. P. 25.2(g) ("Effect of
Appeal. Once the record has been filed in the appellate court, all further
proceedings in the trial court--except as provided otherwise by law or by these
rules--will be suspended until the trial court receives the appellate-court
mandate."); Ramirez v. State, 104 S.W.3d 549, 550 (Tex. Crim. App.
2003) (holding trial court's general jurisdiction expired upon filing of notice
of appeal and document introduced at subsequent indigency hearing could not be
considered by appellate court for purposes other than indigency determination); Farris
v. State, 712 S.W.2d 512, 514 (Tex. Crim. App. 1986) (holding trial court's
power to act in a given case ends when the appellate record is filed in
appellate court, except for matters concerning bond, and trial court's attempt
to supplement record was invalid); see also Lopez v. State, 18 S.W.3d
637, 639 (Tex. Crim. App. 2000) (holding once appellate court obtains
jurisdiction via a timely filed notice of appeal, trial court loses jurisdiction
and cannot regain it unless the appellate court returns the case to the trial
court).
3. See Tex. Code Crim. Proc. Ann. art. 64.01(a)
(Vernon Supp. 2003).
4. See id.
5. See Mearis v. State, No. 04-02-00739-CR, 2003
WL 21796239, at *2 (Tex. App.--San Antonio August 6, 2003, no pet. h.); Cravin
v. State, 95 S.W.3d 506, 509 (Tex. App.--Houston [1st Dist.] 2002, pet.
ref'd); see also Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002).
6. Tex. Code Crim. Proc. Ann. art. 64.02(2).
7. See id.