In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00257-CR
______________________________


RUBEN BARRON JUAREZ, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 265th Judicial District Court
Dallas County, Texas
Trial Court No. F05-55076-MR


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION
          Nineteen-year-old Ruben Barron Juarez pled guilty to the offense of aggravated
robbery. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). During his plea colloquy,
Juarez admitted that recent problems with prescription drugs and marihuana contributed
to his criminal behavior. 
          The trial court accepted Juarez' plea and found the evidence substantiated his guilt. 
The trial court, however, postponed the sentencing phase of the hearing so that the
community supervision and corrections department could conduct a presentence
investigation (PSI). See Tex. Code Crim. Proc. Ann. art. 42.12, § 9 (Vernon Supp. 2005). 
The trial court also ordered Juarez to submit to a psychological interview and a substance
abuse evaluation as part of the PSI. 
          When the proceedings reconvened approximately two weeks later, the trial court
reviewed the PSI report on the record. The record affirmatively shows the community
supervision and corrections department did not perform the substance abuse evaluation,
even though such had been previously ordered by the trial court. Nevertheless, neither
side objected to this oversight. The trial court ultimately imposed a sentence of fifteen
years' imprisonment. On appeal, Juarez now contends the trial court erred by failing to
order a substance abuse evaluation and a psychological evaluation of Juarez before
sentencing him. 
          Article 42.12, Section 9(h) of the Texas Code of Criminal Procedure mandates that
a substance abuse evaluation be conducted after conviction and before sentencing in a
felony case when the trial court is the sentencing entity and when the trial court determines
alcohol or drug abuse may have contributed to the commission of the crime. 
"Nevertheless, a party must assert his or her right to a substance abuse evaluation or it is
waived." Alberto v. State, 100 S.W.3d 528, 529 (Tex. App.—Texarkana 2003, no pet.). 
Juarez did not raise any objection in the trial court to the absence of a substance abuse
evaluation. Accordingly, Juarez has waived this issue for appellate review.
          There being no other points of error presented, we affirm the trial court's judgment.
 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 24, 2006
Date Decided:         July 25, 2006

Do Not Publish




one of the drugs found in his house belonged to Fort. Fort had arrived about twenty
or thirty minutes before the police, and the other men, with the cocaine, had been present at least an
hour before the search. This was Moore's reason for feeling certain none of the cocaine could be
attributed to Fort. 

 Fort, in his defense, also read into the record part of the testimony of fellow defendant Joshua
Haynes. (3) In that excerpt, Haynes said that the cocaine belonged to him and the men present other
than Fort. Haynes said Fort was not present when the drugs were purchased. Haynes pled guilty to
a charge arising from this same search. After Fort's appellate counsel filed a brief in this appeal, Fort
filed a pro se brief, which consisted of a lengthy handwritten statement from Reginald Johnson. 
Johnson was one of the other men arrested at the house on this occasion. In his statement, Johnson
says the drugs at the house were not Fort's.

 Fort does not have the right to hybrid representation, and Johnson's notarized statement was
not presented to the jury. We are not permitted to consider evidence that was not part of the record
below--such supplementation is inappropriate under our appellate rules, and such proffers of proof
are generally acceptable only within the context of an application for writ of habeas corpus. See
Ramirez v. State, 104 S.W.3d 549, 551 n.9 (Tex. Crim. App. 2003) (citing Solomon v. State, 49
S.W.3d 356, 365 (Tex. Crim. App. 2001)). Accordingly, we cannot consider it in this matter.

 In Fort's case, a large amount of crack cocaine was found in plain view in the house, and
various other quantities of cocaine were found throughout the house. Fort was in possession of drug
paraphernalia--scales with trace amounts of cocaine--and a large amount of cash. Indeed, most of
the men at the scene had large amounts of currency hidden in their shoes. Fort made two attempts
to flee, which we can categorize as indicating consciousness of guilt. Evidence of attempting to flee
is admissible and may indicate consciousness of guilt. See Figueroa v. State, 250 S.W.3d 490, 503
(Tex. App.--Austin 2008, pet. ref'd); Smith v. State, 118 S.W.3d 838, 841, 843 (Tex.
App.--Texarkana 2003, no pet.). The large amount of cocaine at the house paired with Moore's
testimony that many of these same men were frequently at the house dealing drugs--when added to
Fort's possession of a large sum of cash and scales with cocaine residue and his two attempts to
flee--strongly suggests that Fort's presence on the premises was not innocent.

 The jury is free to believe or disbelieve the testimony of any witness, to reconcile conflicts
in the testimony, and to accept or reject any or all of the evidence of either side. Bottenfield v. State,
77 S.W.3d 349, 355 (Tex. App.--Fort Worth 2002, pet. ref'd). A jury confronted with conflicting
evidence may elect to believe one witness and disbelieve others and may resolve inconsistencies in
the testimony of any witness, even to the extent of accepting the testimony of laypersons which
disputes that of experts. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). We may
not substitute our own determination for that of the jury. See Ortiz v. State, 93 S.W.3d 79, 87-88
(Tex. Crim. App. 2002); Scott v. State, 934 S.W.2d 396, 399 (Tex. App.--Dallas 1996, no pet.).

 It was up to the jury to evaluate the witnesses' credibility and to weigh testimony on both
sides. The jury weighed the opposing evidence and found Fort guilty beyond a reasonable doubt. 
We find that the logical force of the above links all provide legally and factually sufficient evidence
to support Fort's conviction. We overrule this point of error.

(2) Allowing the Cross-Examination of One of Fort's Witnesses Was Not Error


 Fort also claims error related to the cross-examination of a defense witness with "have you
heard" questions concerning Fort's prior criminal record. Based on our conclusion that Fort's own
direct examination opened the door to this topic, we find no error in the trial court's ruling.

 In Fort's case-in-chief, he called Moore, at whose house the search was conducted. Moore
said he knew all the men at the scene, including Fort. He had known Fort about ten years. On the
day of the search and arrest, Moore said Fort had only recently arrived, about twenty to thirty minutes
before officers arrived and executed the warrant. Based on this arrival time, Moore was sure none
of the cocaine at the scene was Fort's, because the other men and the cocaine were already at the
house when Fort arrived. When asked about the scales found in Fort's pocket, Moore said he knew
nothing about that. Moore, who has diabetes and a prosthetic leg, said Fort frequently helped him
around the house and brought him groceries. Fort, said Moore, would help with the dishes, sweep
the floors, or leave money for Moore. All that led to Moore's testimonial that Fort was "a pretty
good guy." 

 In response to Moore's testimonial of Fort's good character, the State asked to be allowed to
cross-examine Moore using Fort's prior conviction for delivery of cocaine. The trial court allowed
it over Fort's objection.

 The State asked Moore if he was aware that Fort had been convicted in March 2002 for
delivery of cocaine. Moore said he knew of the conviction but thought it was for marihuana. 

 The Texas Court of Criminal Appeals has reviewed a similar situation. See Harrison v. State,
241 S.W.3d 23 (Tex. Crim. App. 2007). In Harrison, a defense witness said the defendant "was a
sweet person, he was a good person" and that he "watched my kids and I don't have a problem with
him." Id. at 25. Citing Rules 404 and 405 of the Texas Rules of Evidence, and stating that
"[a]lthough Appellant did not intentionally elicit [the witness'] character testimony, the non-responsiveness of [the witness'] statement does not change the fact that it was character evidence
offered by a defense witness." Id. at 27; see Tex. R. Evid. 404, 405. The cross examination was
allowed.

 In an earlier case the court explicitly held that a witness who testifies about a defendant's
good character may then be cross-examined to test the witness' awareness of relevant specific
instances of bad conduct. See Wilson v. State, 71 S.W.3d 346, 349-50 (Tex. Crim. App. 2002).
Wilson had called a cleric to testify about his involvement in Wilson's life and Wilson's character. 
The court held that, because a witness gave his good-character opinion of the defendant, the State
was then entitled to ask questions about prior criminal acts. Although Wilson involved testimony
at the punishment phase, the Texas Court of Criminal Appeals' reasoning in Wilson and Harrison
controls the instant situation.

 A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion
standard. See Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We will not reverse
a trial court whose ruling was within the "zone of reasonable disagreement." Id. at 102.

 We find the trial court did not abuse its discretion by allowing this line of cross-examination. 
We overrule this point of error.

(3) A Hearing on Fort's Motion for New Trial Was Not Requested

 Finally, Fort complains the trial court erred by not setting a hearing on Fort's motion for new
trial. Fort filed a motion for new trial alleging that, following trial, the district attorney and Fort's
trial counsel spoke to a jury member who stated that he had been reporting and complaining of drug
trafficking in the area for five years and that the jury member believed Fort had been trafficking in
the jury member's neighborhood. 

 Fort's trial counsel filed a motion requesting a new trial and attached an affidavit describing
the conversation with the jury member. Nowhere in the motion, though, did Fort request a hearing
on the matter; nor was a proposed order with a hearing date attached to the motion.

 This situation is controlled by Rozell v. State, 176 S.W.3d 228 (Tex. Crim. App. 2005). In
Rozell, the appellant filed a motion for new trial, but did not request a hearing on the motion. (4)
 
Rozell argued on appeal that the trial court erred in failing to hold a hearing after Rozell had
presented, or filed, his motion. But the Texas Court of Criminal Appeals pointed out that
"presentment" of a motion for new trial requires giving the trial court actual notice of the relief
sought. Id. at 230; Todd v. State, 242 S.W.3d 126, 133 (Tex. App.--Texarkana 2007, pet. ref'd). 
Analogizing to the principles behind the doctrine of preservation of error, the Texas Court of
Criminal Appeals ruled that a trial court's ruling should not be reversed where the defendant did not
timely make the trial court aware of the alleged error and give the trial court an opportunity to correct
it. Rozell, 176 S.W.3d at 230. "Presenting the motion, along with a request for a hearing, is required
to let the court know that the defendant wants the trial court to act on the motion and whether the
defendant would like a hearing on the motion." Id. Based on the record before us, we find that Fort
failed to "give the trial court actual notice that he timely filed a motion for new trial and request[ed]
a hearing on the motion for new trial." Id. We overrule this point of error. 






 We affirm the judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 17, 2008

Date Decided: October 9, 2008


Do Not Publish


1. If Fort is asserting claims of legally and factually insufficient evidence, he has presented a
multifarious point of error. We may overrule any multifarious or inadequately briefed point of error.
Martin v. State, 252 S.W.3d 809, 813 n.4 (Tex. App.--Texarkana 2008, no pet.); see also Tex. R.
App. P. 38.1. But see Chimney v. State, 6 S.W.3d 681, 688 (Tex. App.--Waco 1999, pet. ref'd).
Further, because it is unclear from his argument which claim he is presenting, his point is
inadequately briefed. Nonetheless, we address his arguments in the interest of justice.

2. Moore's sister had better luck; when they knew she was coming, the men would leave, only
to return. 
3. About three weeks before the instant trial, another trial was held on Fort's charge. After
testimony, but just before the jury was to deliberate, one of the jurors realized he worked with a
relative of Fort, and that co-worker had made several attempts to contact the juror. The juror was
uncomfortable with this situation and said it would affect his deliberations. The trial court declared
a mistrial. 
4. Rozell though, unlike Fort, did attach to his motion a proposed order form listing "options
[for the trial court] of having a hearing or ruling on the motion without a hearing, which, without a
more specific request, left to the trial court's discretion whether a hearing should be held." The
Texas Court of Criminal Appeals held that "appellant did not adequately advise the trial court of his
desire to have a hearing." Rozell, 176 S.W.3d at 231.