# NO. 12-07-00307-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM DAVID DENNIE,*<br>*APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

William David Dennie appeals from his conviction for bail jumping and failure to appear. In three issues, Appellant argues that the evidence is insufficient to prove the extraneous offenses alleged during the punishment phase of the trial and that his attorney did not render professional assistance. We affirm.

### BACKGROUND

Appellant failed to appear for his trial for aggravated sexual assault. He was arrested about five years later in Oklahoma after he presented his deceased brother's identification to a police officer during a traffic stop. He was indicted for the offense of bail jumping and failure to appear. He pleaded guilty to that charge. He also pleaded true to an enhancement paragraph in the indictment alleging that he had a prior felony conviction for burglary. Appellant elected to have a jury assess punishment, and a trial on punishment was held.

At the punishment trial, the State called two adult women who testified that Appellant had sexually assaulted them or committed indecency with a child with them when they were children. Appellant testified and denied that he committed the sexual offenses. He also testified that he had not appeared for trial because he was "overwhelmed with [the county attorney]." The jury assessed

punishment at twenty years of imprisonment and a fine of $10,000. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his first and second issues, Appellant argues that the evidence is insufficient to prove that he committed offenses against the two women who testified during the punishment hearing. Specifically, Appellant argues that the evidence was factually insufficient to show that the events occurred.

During the punishment phase of the trial, the State may introduce evidence of extraneous crimes or bad acts "that [are] shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2008). The trial court, however, must make a threshold determination that the sentencing entity can rationally find the defendant criminally responsible for the extraneous misconduct before it can admit evidence of the extraneous offense at the punishment phase of a noncapital trial. *See Smith v. State*, 227 S.W.3d 753, 759–60 (Tex. Crim. App. 2007).

Appellant does not complain that the trial court should not have allowed the evidence. Instead, citing *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004), he argues that the evidence supporting the extraneous offenses was insufficient. The *Zuniga* decision set out a standard of review for the factual sufficiency of the evidence to support a verdict. The court of criminal appeals disavowed *Zuniga* and restated the standard for factual sufficiency review two years later in *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). Nevertheless, we review the factual sufficiency of the evidence to support a conviction, not extraneous evidence admitted in the punishment phase of a trial.

This court has specifically held that a defendant may challenge the trial court's threshold determination to allow extraneous punishment evidence, but may not further challenge the sufficiency of the evidence of extraneous acts. *See Malpica v. State*, 108 S.W.3d 374, 379 (Tex. App.–Tyler 2003, pet. ref'd) ("We conclude that the only review possible of the sufficiency of the proof of an extraneous offense introduced at the punishment stage is a review under an abuse of discretion standard of the trial judge's threshold ruling on admissibility."); *see also Bradford v. State*, No. 12-06-00122-CR, 2007 Tex. App. LEXIS 2554, at *15–16 (Tex. App.–Tyler Mar. 30, 2007, no

2

pet.) (mem. op., not designated for publication) (no sufficiency review for extraneous offense evidence admitted during trial). Accordingly, we cannot review the factual sufficiency of the evidence of extraneous offenses alleged during Appellant's punishment trial. We overrule Appellant's first and second issues.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his third issue, Appellant argues that he received ineffective assistance of counsel. Specifically, he argues that trial counsel should have presented evidence that his attorney for the underlying offense had told him not to appear at that trial.

**Applicable Law**

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires an appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065; *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). An ineffective assistance of counsel claim is not reviewed for isolated or incidental deviations from professional norms, but on the basis of the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We begin with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As part of this presumption, we presume counsel's actions and decisions were reasonable and were motivated by sound trial strategy. *See id*. Appellant has the burden of proving ineffective assistance of counsel. *See id*.

**Analysis**

The alleged ineffective assistance of counsel is set out in Appellant's brief as follows:

> As stated above, Appellant has represented to Appellant's attorney on appeal (through investigation) that Appellant's attorney on the underlying charge and at the time of the failure to appear advised him not to appear.

The reference is to a sentence in Appellant's statement of facts in which he asserts that "Appellant has represented to his attorney for appeal (through investigation) that Appellant's attorney at the time of the underlying offense and failure to appear advised him to not be [sic] present for trial." This present assertion not only contradicts Appellant's testimony as to why he did not appear–that he was "overwhelmed" and did not want to go to prison–but is unsupported by the appellate record. To defeat the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

The customary problem in presenting ineffective assistance of counsel claims on direct appeal is that there is not an explanation in the record of the strategic decisions made by trial counsel. *See*, *e.g.*, *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("When, as here, a closing argument has a basis in fact, law, and appeal to public policy, courts should, at least, permit the advocate to explain her rationale before condemning her."). This case has that deficiency, but it has a more fundamental problem in that there is no competent evidence that counsel made the statement that Appellant now says that he made. We may not consider factual assertions that are outside the record. *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see also Ramirez v. State*, 104 S.W.3d 549, 551 n.9 (Tex. Crim. App. 2003) (appellate record cannot be supplemented with evidence not developed during the proceedings; proper avenue for introducing evidence not contained in the trial record is a hearing pursuant to a motion for new trial or an application for writ of habeas corpus).

Appellate counsel's statement in the brief, which is itself a rendition of a statement made by Appellant to his appellate counsel, is no evidence that anyone told Appellant not to appear. Because

4

there is no evidence that Appellant was instructed not to appear, Appellant has failed to prove that trial counsel should have called his predecessor attorney or that counsel's representation fell below professional norms.  We overrule Appellant's third issue.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 4, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)