

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00023-CR

_____

DEBRA ANTHONY, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1721864D

---

Before Womack, Wallach, and Walker, JJ.
Amended Memorandum Opinion by Justice Womack

## AMENDED MEMORANDUM OPINION

We issued our original opinion dismissing this appeal on June 22, 2023. Thereafter, Appellant Debra Anthony filed a "Request to Supplement the Record and Set Aside Judgment Dismissing the Appeal," which she later amended (collectively, the Motion). After due consideration of the Motion, and within our plenary power, we deny the Motion, but we sua sponte withdraw our previous opinion and substitute the following opinion in its place. *See* Tex. R. App. P. 19.1.

Anthony attempts to appeal her conviction for driving while intoxicated and felony repetition. *See* Tex. Penal Code Ann. § 49.09. Anthony pleaded guilty to that offense pursuant to a plea-bargain agreement, and the trial court sentenced her in accordance with that agreement to eight years' confinement and an $1,100 fine, with the confinement suspended and Anthony placed on community supervision for five years. Under the written plea admonishments that were signed by Anthony, Anthony waived her right to appeal. Specifically, through those written plea admonishments, Anthony stated, "I give up and waive any and all rights of appeal in this case." Anthony also stated, "I give up and waive all pretrial motions that may have been filed in my case." Consistent with Anthony's plea-bargain agreement, the "Trial Court's [Amended] Certification of Defendant's Right of Appeal" in this case reflects that this

2

"is a plea-bargain case, and the defendant has NO right of appeal."[1]  *See* Tex. R. App. P. 25.2(a)(2), (d).

On February 23, 2023, we notified Anthony of the amended certification and warned her that we would dismiss the appeal unless we received a response by March 6, 2023, showing grounds for continuing the appeal.  *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3.  While Anthony filed a response, it does not show grounds for continuing the appeal.[2]  In accordance with the trial court's amended certification, we

---

[1]The trial court initially signed a certification in which boxes were marked to indicate that (1) this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal"; and (2) this "is a plea-bargain case, and the defendant has NO right of appeal."  The trial court later amended that certification, scratching out the box that had been marked to indicate that this "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal."

[2]In her response, Anthony claims that she intended to retain "the right to appeal matters that were raised in written form and ruled on by the trial court prior to the plea" and that taking away her right to appeal would render her plea involuntary.  We disagree.  As noted above, in the written plea admonishments, Anthony specifically stated that she was giving up and waiving "all rights of appeal in this case" and "all pretrial motions that may have been filed in [her] case."  And there is nothing in the record at the time the written plea admonishments were signed—no reporter's record was made of Anthony's plea—to indicate that those written waivers were not made voluntarily.  *See Vaughn v. State*, No. 02-22-00261-CR, 2023 WL 3017957, at *2– 3 (Tex. App.—Fort Worth Apr. 20, 2023, no pet.) (on reh'g) (mem. op., not designated for publication) (dismissing appeals despite appellant's after-the-fact affidavit stating that he had misunderstood the plea proceedings and did not intend to voluntary waive his right of appeal where the record established that he had orally waived his right of appeal at the plea hearing).

In the Motion, Anthony asks that we supplement the record with a transcript from a hearing on her postjudgment motion to recuse the trial judge.  Anthony claims

dismiss Anthony's appeal.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *see, e.g.*, *Vaughn*, 2023 WL 3017957, at *2–3; *Hubatch v. State*, No. 02-22-00153-CR, 2022 WL 4105417, at *1 (Tex. App.—Fort Worth Sept. 8, 2022, no pet.) (mem. op., not designated for publication).

---

that this transcript—which contains testimony from the attorney who represented her at the plea hearing—indicates that she did not intend to waive her right of appeal. But the hearing on Anthony's motion to recuse the trial judge took place more than two months *after* Anthony signed the written plea admonishments and almost two months *after* Anthony filed her notice of appeal.  While Anthony may have an avenue to develop this new record through a habeas proceeding, we cannot consider it on direct appeal.  *See Ramirez v. State*, 104 S.W.3d 549, 551 n.9 (Tex. Crim. App. 2003) (citing cases for the proposition that the supplementation rules cannot be used to create a new trial record); *Anderson v. State*, No. 07-17-00090-CR, 2018 WL 2437592, at *2 (Tex. App.—Amarillo May 30, 2018, no pet.) (mem. op., not designated for publication) ("Appellant may be entitled to relief by filing a post-conviction writ of habeas corpus and developing a record to support his claim that his plea may not have been voluntary.  A writ of habeas corpus may be supported by information from sources broader than the appellate record before us."); *Martinez v. State*, No. 08-06-00335-CR, 2008 WL 1991785, at *2 n.1 (Tex. App.—El Paso May 8, 2008, no pet.) (not designated for publication) ("The proper avenue for introducing evidence not contained in the trial record is a hearing pursuant to a motion for new trial or an application for writ of habeas corpus.  The supplementation rules cannot be used to create a new record.").

In the Motion, Anthony also asks that we abate her appeal to allow her to proceed with a motion for new trial so that she can develop the trial record.  She points out that she had filed a motion for new trial in the trial court but that she had not obtained a hearing on the motion—ostensibly because she first had to pursue a hearing on her motion to recuse the trial judge—and that her motion for new trial had been overruled by operation of law.  *See* Tex. R. App. P. 21.8(c).  Anthony's request is, in effect, a request to allow her to file an out-of-time motion for new trial.  However, the Court of Criminal Appeals has instructed intermediate appellate courts not to allow defendants to file out-of-time motions for new trial "absent truly extraordinary circumstances" that are not present here.  *Oldham v. State*, 977 S.W.2d 354, 360 (Tex. Crim. App. 1998).  Accordingly, and as noted above, we deny the Motion.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 27, 2023

5