Bobby BERRY, Appellant,

v.

The STATE of Texas.

No. 894–98.

Court of Criminal Appeals of Texas.

June 30, 1999.

Kim Richardson, Freeport, for appellant.

Donald S. Stephens, Assist. D.A., Angleton, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

PRICE, J., delivered the opinion for a unanimous court.

This is an appeal concerning the revocation of appellant's probation. Appellant pled guilty to deceptive business practices and was sentenced to a $500 fine and 365 days in jail probated. On April 22, 1997, the trial court found that appellant violated Term V of his probation (failure to work community service), and accordingly ordered his probation revoked. The court of appeals affirmed the revocation. On appeal, appellant raises three points of error: (1) the transcript was improperly supplemented with "Findings of Fact and Conclusions of Law" by the trial court, as the trial court had lost jurisdiction (2) the court of appeals erred in finding that appellant had abandoned his right to counsel; and (3) appellant was not properly admonished of the dangers and disadvantages of self-representation. We will reverse.

## *FACTS*

Appellant plead guilty to deceptive business practices and was sentenced to a $500 fine and 365 days in jail probated. After two previous attempts to revoke appellant's probation and two extensions of probation, a probation revocation hearing was set for March 17, 1997. The March 17 hearing was reset for March 19. On March 19, the hearing was again reset to April 7. On April 7, the hearing was again reset until April 22, in order for appellant to obtain counsel. On April 22, appellant again requested another reset in order to obtain counsel. The trial court refused to allow another reset because it had previously reset the hearing twice for that exact purpose. At the beginning of the trial, appellant responded that he was "ready" and proceeded *pro se.* The trial court revoked appellant's probation, and appellant appealed on Sixth Amendment grounds.

Relying on the supplemental "Findings of Fact and Conclusions of Law" provided by the trial court, the court of appeals affirmed the revocation. The trial court made this supplement, at the request of the state, approximately two months after the court of appeals received the trial court's official transcript. Over appellant's objections, the court of appeals allowed the supplement. The supplemental findings of fact and conclusions of law dealt with appellant's awareness of his right to counsel, the possible indigence of appellant, and appellant's knowledge of the dangers of self-representation. The supplement was based on off-the-record conversations the trial judge had with appellant during the course of resetting the revocation hearing.

### *FIRST GROUND FOR REVIEW*

In his first ground for review, appellant avers that the court of appeals erred in allowing the supplementation of the transcript with the trial courts findings of fact and conclusions of law. We agree.

In *Green v. State,* 906 S.W.2d 937 (Tex.Crim.App.1995), which was decided under former ~~and~~ Tex.R.App. P. 40(b)(2), now Tex.R.App. P. 25.2(e), we held that once the trial court has submitted the record to the court of appeals, the trial court loses jurisdiction until it receives a mandate from the appellate court. Rule 25.2(e) states, "Once the record has been filed in the appellate court, all further proceedings by the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Also, it is axiomatic that where there is no jurisdiction "the power of a court to act is absent as if it [the court] did not exist." *See Green,* 906 S.W.2d at 939;

*Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex. Crim.App.1980).

In the case at bar, the trial record was received by the court of appeals on June 20, 1997. The trial court made the supplemental findings of fact and conclusions of law on August 19, 1997.[1] Because the supplemental findings of the trial court were made after the trial record was received by the court of appeals, the trial court was without jurisdiction to make the supplemental Findings of Fact and Conclusions of Law. *See* TEX.R.APP. P. 25.2(e); *Green,* 906 S.W.2d at 939; *Duncan v. Evans,* 653 S.W.2d 38, 39 (Tex.Crim.App. 1983). The trial court's findings of fact are thus null and void, and should not have been considered by the court of appeals. *See Id.*

The State, however, argues that under TEX.R.APP. P. 34.5(c)(2), the court of appeals had the authority to order the clerk's record supplemented with findings of fact and conclusions of law. Further, the State avers that since the court of appeals had the ability to order the record supplemented, the court of appeals merely ratified the actions of the trial court by ordering the supplement, a result we approved in *Armstead v. State,* 692 S.W.2d 99 (Tex.Crim. App.1985), *abrogated by Green v. State,* 906 S.W.2d 937 (Tex.Crim.App.1995). We disagree.

■ The State's reliance on Rule 34.5(c)(2) is misplaced. Rule 34.5(c) governs the supplementation of the clerk's record. The rule states in relevant part: "(2) If the appellate court in a criminal case orders the trial court to prepare and file findings of fact and conclusions of law *as required by law,* the trial court clerk must prepare, certify, and file in the appellate court a supplemental clerk's record containing those findings and conclusions." (emphasis added) Rule 34.5 was part of the 1997 changes to the rules of appellate procedure. Rule 34.5(c)(1) is essentially old rule 55(b), which allowed for the supplementation of the trial record with materials that had been omitted from the original trial record. Rule 34.5(c)(2), however, is new. At first blush, the rule might, as the state would have it, authorize a court of appeals to simply order a trial court to make findings of fact and conclusions of law. This reading of the statute ignores the phrase "as required by law," as well as our decision in *Green.*

In *Green,* statements of the defendant were admitted at trial over the defendant's objections. In admitting the statements, the trial court did not enter written findings of fact and conclusions of law concerning the voluntariness of the defendant's statements as required by TEX.CODE CRIM. PROC. ANN. art. 38.22 sec. 6.[2] Almost one year after the court of appeals received the trial record, the trial court, without a mandate from the court of appeals, attempted to remedy its oversight by making the findings of fact and conclusions of law and sending those findings to the court of appeals as a supplement. The court of appeals accepted the trial court's supplement. However, on appeal to this Court, we found those actions to be improper. Even though there was an independent duty under art. 38.22 sec. 6 to enter the findings of fact, we found that the trial court lacked the jurisdiction to make such findings as the trial record had already been received by the court of appeals. *See Green,* 906 S.W.2d at 939–40. We held that the proper procedure in such cases is for the court of appeals to abate the appeal and order the trial court to make the findings of fact as required by art. 38.22 sec. 6.
*See id.*

■ In relation to Rule 34.5(c)(2), we view the new rule as a codification of our decision in *Green.* The key language in

---

1. The court of appeals finally issued orders to the trial court clerk to supplement the record on September 5, 1997.

2. Art. 38.22 sec. 6 states in relevant part, that the trial court "must enter an order stating its

conclusions as to whether or not the statement was voluntarily made, along with specific *findings of fact upon which the conclusion* was based, which order shall be filed among the papers of the cause." (emphasis added).

34.5(c)(2) is "as required by law." In light of the holding in *Green*, "as required by law" means that there is some affirmative duty imposed by the legislature upon the courts to make findings of fact and conclusions of law, *e.g.* art. 38.22 sec. 6.[3] Rule 34.5(c)(2) deals with those situations where the trial court did not make findings of fact and conclusions of law concerning a particular issue, or issues, even though a law affirmatively directed the court to do so. In such a situation, the court of appeals may order the trial court to make those findings of fact and conclusions of law in order to comply with a particular statutory requirement. This was precisely the type of situation that occurred in *Green*.[4]

■ Turning to appellant's case, we find no affirmative duty or requirement of law that mandates the trial court to make the supplemental findings of fact and conclusions of law in this situation. As a result, the trial court was not entitled to use 34.5(c)(2) to mandate the supplemental findings of fact and conclusions of law.[5] Because the court of appeals could not have mandated the supplement of the record under 34.5(c)(2), it could not have ratified the actions of the trial court without error. The court of appeals should not have ordered or accepted the trial court's supplemental findings of fact and conclusions of law, but rather should have decided the case based on the record as originally presented.

Finally, we observe that the state's reliance on *Armstead* is equally misplaced.

First, that decision was decided under TEX. CODE CRIM. PRO. ANN. art. 40.09(7) which has since been repealed. Second, in *Green*, we referred to *Armstead* as an "aberration" and expressly disavowed its holding to the extent that it allowed supplementation of the record without a mandate and abatement from the court of appeals. 906 S.W.2d at 940 n4. *Armstead* was disavowed in *Green*, and we continue to disavow it here. Appellant's first ground for review is sustained.

### CONCLUSION

We find that the court of appeals was not authorized to order the trial court to supplement the record with findings of fact and conclusions of law under Rule 34.5. We further find that the trial court's supplement was made after the appellate court received the trial record. As a result, the trial court was without jurisdiction to make such a supplement. The supplement was therefore a nullity and should not have been considered by the court of appeals. Because the opinion of the court of appeals seems to rely entirely on the trial court's supplemental findings of fact and conclusions of law, we will not address the second and third grounds for review. Therefore, we reverse and remand to the court of appeals for further proceedings consistent with this opinion.

**3.** Art. 38.22 sec. 6 does not constitute an exhaustive example of laws fitting within the ambit of Rule 34.5(c)(2).

**4.** Furthermore, *Green* was decided in 1995. Rule 34.5(c)(2) was part of the 1997 changes, which were the first changes that could have incorporated *Green*'s holding.

**5.** We note that the state originally attempted to enter the supplement under old rule 55(b), which allowed for a supplemental record of material that had been omitted from the record. Rule 34.5(c)(1) allows for a very similar procedure. However, we have recognized that the term "omitted" refers to material that already existed as part of the trial record but

was omitted from the record on appeal. *Williams v. State*, 937 S.W.2d 479, 487 (Tex. Crim.App.1996); *Green*, 906 S.W.2d at 940 n. 3; *The Home Ins. Co. v. Hambric*, 906 S.W.2d 956, 959 (Tex.App.—Waco 1995, no writ), *rev'd on other grounds*, 941 S.W.2d 343 (Tex. App.—Waco 1997, no pet.); *Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65 (Tex.App.—San Antonio 1989, writ denied). This rule is not to be used to create a new trial record. *Id.* As the supplemental findings of fact and conclusions of law all refer to *off-the-record* conversations, these conversations were never part of the trial court record and could not have been omitted. As a result, the court of appeals could not have relied on old rule 55(b).