In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-079 CR


____________________



EDDIE DOVE, Appellant



V.
 


THE STATE OF TEXAS, Appellee






On Appeal from the 159th District Court


Angelina County, Texas


Trial Cause No. 24,073






MEMORANDUM OPINION ON REHEARING


 In response to a motion for rehearing filed by Appellant Eddie Dove, we withdraw our
opinion of December 22, 2004, and substitute the following in its place.

 The trial court found Eddie Dove guilty of aggravated robbery and sentenced him to
fifteen years confinement in the Texas Department of Criminal Justice, Institutional Division. 


 In a single issue, Dove maintains he received ineffective assistance of counsel. Dove
contends his counsel failed to inform Dove he was not eligible for probation if he pleaded
not guilty in a bench trial. Dove asserts his trial counsel's ineffectiveness is a violation of
his constitutional right to be heard as provided in Article 1, Section 10 of the Texas
Constitution. 

 As evidence of counsel's ineffective assistance, Dove cites certain testimony from his
sentencing hearing and maintains the testimony shows Dove was seeking probation. (1)
 Krystal
Harper, the mother of Dove's child, testified she could use Dove's assistance in providing
for the child's schooling and care. She also testified that her discussions with Dove indicated
that he, if probated, would comply with probation conditions and follow the law. Dove
testified that if the trial court were to defer his case and place him on probation, he would be
willing to participate in a drug treatment program. Dove asked the court to defer punishment
so he could take care of his child. 

 To prevail on his issue, Dove has the burden to prove by a preponderance of the
evidence that (1) counsel's representation fell below an objective standard of reasonableness
and (2) the deficient performance prejudiced Dove. See Strickland v. Washington, 466 U.S.
668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To successfully attack a guilty plea on
ineffective assistance grounds, the appellant must show the alleged deficiencies caused his
plea to be unknowing and involuntary. See Rodriguez v. State, 899 S.W.2d 658, 666 (Tex.
Crim. App. 1995). The same standard applies to consideration of alleged ineffective
assistance at punishment as at trial. See Hernandez v. State, 988 S.W.2d 770, 772 (Tex.
Crim. App. 1999).

 "Appellate review of defense counsel's representation is highly deferential and
presumes that counsel's actions fell within the wide range of reasonable and professional
assistance." Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Any allegation of
ineffective assistance must be firmly founded in the record. See Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). The appellant must establish there is no plausible
professional reason for a specific act or omission. See Bone, 77 S.W.3d at 836. "Under
normal circumstances, the record on direct appeal will not be sufficient to show that counsel's
representation was so deficient and so lacking in tactical or strategic decisionmaking as to
overcome the presumption that counsel's conduct was reasonable and professional." Bone,
77 S.W.3d at 833. A motion for new trial may be filed and a hearing held thereon to
supplement the record to further demonstrate ineffective assistance. See Wallace v. State,
75 S.W.3d 576, 589 (Tex. App.--Texarkana 2002), aff'd, 106 S.W.3d 103 (Tex. Crim. App.
2003). 

 As no motion for new trial was filed below, we do not have any explanation from trial
counsel in the record regarding Dove's not guilty plea. Absent a record to indicate trial
counsel's strategy and tactics, we may not speculate as to the reasons for the plea. See Ex
parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001); Gone v. State, 54 S.W.3d 27,
33-34 (Tex. App.--Texarkana 2001, pet. ref'd). 

 We overrule Dove's ineffective assistance issue. We affirm the trial court's judgment
and Dove's conviction.

 AFFIRMED.

 ____________________________

 DON BURGESS

 Justice


Submitted on November 11, 2004 

Opinion Delivered February 2, 2005

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. As further evidence of ineffective assistance of counsel, Dove also cites
extensive testimony from the trial court's hearing on his writ of habeas corpus. However,
we do not consider this evidence as it was not part of the original reporter's record filed in
April, 2004. See Berry v. State, 995 S.W.2d 699, 700 (Tex. Crim. App. 1999). Instead,
the record of the July 23, 2004, habeas hearing was filed with this Court on September
13, 2004. While the appellate record may be supplemented with material omitted from
the appellate record, a new appellate record cannot be created. See Hutchinson v. State,
86 S.W.3d 636, 637-38 (Tex. Crim. App. 2002) As the testimony presented at the habeas
hearing was not material omitted from the original record, we may not consider it. See
Berry, 995 S.W.2d at 702.