# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00075-CR

**Robert Lee Martin, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 955530, HONORABLE BOB PERKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On June 7, 2001, a jury convicted Robert Lee Martin of aggravated sexual assault, *see* Tex. Penal Code Ann. § 22.021 (West Supp. 2009), sentenced him to life in prison, and assessed a $10,000 fine. More than eight years later, on December 21, 2009, Martin filed his Motion to Set Aside and Vacate a Void Judgment, arguing that the district court lacked subject-matter jurisdiction to hear his case, as the State had failed to secure a valid indictment. The district court denied his motion to set aside. Martin appeals, arguing that the district court committed reversible error in failing to enter findings of fact and conclusions of law. In response, the State argues that Martin's motion to set aside is, in substance, a motion for new trial and that Martin's appeal should, therefore, be dismissed as untimely filed. Although we disagree with the State's contention and find that Martin's motion is, in substance, an application for writ of habeas corpus, we nevertheless dismiss his appeal for want of jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. § 11.07 (West Supp. 2009).

On January 11, 2010, the district court denied Martin's Motion to Set Aside and Vacate a Void Judgment. Martin filed his notice of appeal on February 10, 2010, within thirty days of the district court's order. *See* Tex. R. App. P. 26.2(a)(1). The State argues, however, that Martin's motion to set aside was, in substance, a motion for new trial and, therefore, the court's order denying relief was not an appealable order.

Texas Rule of Appellate Procedure 21.1 defines "new trial" as "the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt." Tex. R. App. P. 21.1(a). By contrast, habeas corpus relief is reserved for instances in which there exists a jurisdictional defect in the trial court that renders the judgment void or for denials of fundamental or constitutional rights. *Ex parte Banks*, 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).

Here, the district court did not certify Martin's right to appeal but, rather, in an order dated March 23, 2010, wrote:

> I, judge of the trial court, certify this Motion to Set Aside and Vacate A Void Judgment is not a plea-bargain case and the defendant <u>may</u> have a right of appeal or it may be that his Motion should be treated as a Writ of Habeas Corpus.

The district court thereby declined to determine whether, in substance, Martin's motion to set aside was a motion for new trial, which was untimely and, therefore, unappealable, or a writ of habeas corpus, the denial of which Martin could appeal to the proper appellate court. Martin's motion requests that the district court's judgment be set aside as void due to a substance defect, which, Martin alleges, deprived the district court of jurisdiction. He does not ask the district court to set aside a finding or verdict of guilt. We, therefore, find that, in substance, his motion was an

2

application for writ for habeas corpus and, accordingly, deny the State's motion to dismiss on the grounds the Martin's motion for new trial—and appeal therefrom—were untimely filed. *See Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001) (judgment is void where document purporting to be charging instrument—i.e. indictment, information, or complaint—does not satisfy constitutional requisites of charging instrument; thus, trial court has no jurisdiction over defendant).

Having determined that Martin's motion is, in substance, an application for writ of habeas corpus, we must nevertheless dismiss his appeal for want of jurisdiction. If a person is in custody, article 11.07 of the code of criminal procedure governs the manner by which he may seek post-conviction habeas corpus relief from a final felony conviction. *Ex parte Williams*, 239 S.W.3d 859, 861-62 (Tex. App.—Austin 2007, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 11.07. Because Martin is in custody pursuant to a felony conviction, exclusive habeas corpus jurisdiction has been given to the court of criminal appeals by article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3(a), 5. Under that statute, the habeas corpus application is filed in the district court, but that court does not decide the merits of the application. Instead, the district court makes any necessary findings of fact and forwards the record to the court of criminal appeals for a final ruling on the application for relief. *Id.* §§ 3(c), (d), 5. Such a procedure appears to be appropriate in this case. Although Martin's complaint here is that the district court failed to make findings of fact and conclusions of law, his appeal is, nevertheless, governed by article 11.07 and, therefore, properly heard by the court of criminal appeals. *See id.*; *Berry v. State*, 995 S.W.2d 699, 700-01 (Tex. Crim. App. 1999) (citing *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995)) (where appellate court

3

determines that trial court was required, but failed to, issue findings of fact, proper remedy is to abate appeal to allow trial court to issue required findings).  Accordingly, we dismiss Martin's appeal for want of jurisdiction.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Waldrop and Henson

Dismissed for Want of Jurisdiction

Filed:   August 31, 2010

Do Not Publish