

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00133-CR

JAMES NATHAN ALEXANDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 40028-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

James Nathan Alexander appealed his conviction by a jury for the murder of Brian Barnett. Alexander admitted shooting Barnett, but claimed he acted in self-defense and under the influence of sudden passion. This Court affirmed Alexander's conviction finding the evidence legally sufficient to support the jury's rejection of self-defense and legally and factually sufficient to support the jury's rejection of sudden passion. *Alexander v. State*, No. 06-12-00133-CR, 2013 Tex. App. LEXIS 10511, at \*22 (Tex. App.—Texarkana Aug. 21, 2013, no pet.) (mem. op., not designated for publication), *vacated on other grounds by* No. PD-1309-13, 2014 Tex. Crim. App. Unpub. LEXIS 384 (Tex. Crim. App. Apr. 16, 2014). The clerk's record filed in this matter contained no bill of costs, and the State did not attempt to add a bill of costs through supplementation. *Id*. at \*21. Because the record lacked a bill of costs, this Court found the evidence legally insufficient to support the trial court's order to pay court costs and, consequently, modified the judgment by deleting the costs and attorney's fees assessed as court costs. *Id.* at \*22.

The State filed a petition for discretionary review in the Texas Court of Criminal Appeals raising two issues: (1) "Must the amount of court costs listed in the judgment be supported by a bill of costs to be upheld on appeal" and (2) "Does an appellate court abuse its discretion by refusing to sua sponte order supplementation of the record with an item that it deems the evidence insufficient without?" The Texas Court of Criminal Appeals granted the State's petition, vacated our opinion, and remanded for reconsideration in light of *Johnson v. State*, No.

2

PD-0193-13, 2014 Tex. Crim. App. LEXIS 240 (Tex. Crim. App. Feb. 26, 2014). *Alexander*, 2014 Tex. Crim. App. Unpub. LEXIS 384.

In light of Johnson, we modify the trial court's judgment by deleting the attorney's fees assessed as court costs. We affirm the remaining court costs. The record, which has been supplemented since our original opinion issued, provides some basis for the assessed court costs other than the attorney's fees.

## I.    Attorney's Fees

Alexander argues that the trial court erred in assessing $9,647.50 in attorney's fees as court costs and requests that this assessment be deleted from the judgment. In both his original brief and his brief on remand, Alexander argues that the trial court found he was indigent prior to trial, he is presumed to remain indigent, and that there is no evidence he had the ability, financially, to repay the attorney's fees. In its original brief, the State argued that the trial testimony constituted sufficient evidence that Alexander had adequate resources to repay the county for his attorney's fees and court costs. On remand, the State relies upon the supplemented bill of costs to support the award of attorney's fee.

Five months prior to trial, Alexander requested court-appointed counsel, and the trial court found that Alexander was indigent and appointed trial counsel to represent him. Once a defendant is found to be indigent, he or she is presumed to remain indigent unless there is evidence of a material change in his or her financial circumstances and the trial court reconsiders its indigence finding. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013); *see Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Roberts v. State*, 327 S.W.3d 880, 884

3

(Tex. App.—Beaumont 2010, no pet.); *cf. McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010) (explaining two-step process for indigency determinations for purposes of free record on appeal and appointment of appellate counsel).

Before a trial court can order an individual previously adjudged to be indigent to pay all or part of the fees of appointed counsel, the Texas Code of Criminal Procedure requires the court to determine whether the "defendant has financial resources that enable him to offset in part or in whole" the cost of his appointed counsel.[1] TEX. CODE CRIM. PROC. ANN. art 26.05(g) (West Supp. 2013). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556 (reversing attorney's fees ordered as costs). The record must reflect some factual basis to support the trial court's determination. *Barrera v. State*, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); *see Mayer*, 309 S.W.3d at 557.

Regarding Alexander's financial status, the only explicit finding in the record is the trial court's pretrial finding on February 11, 2011, that Alexander was indigent. The State is essentially arguing that this explicit finding should not control because there was evidence that Alexander may not be indigent admitted at trial—albeit for a different purpose. We disagree.

The State argues that Alexander lied on his initial application for appointed counsel and that he had sufficient assets to offset the attorney's fees all along. Alexander stated on the Application that he was unemployed, that his only asset was a motorcycle, and that he lived with

---

[1]The trial court is authorized to order the payment of attorney's fees as a condition of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(11) (West Supp. 2013); *cf. Bearden v. Georgia*, 461 U.S. 660, 672 (1983) (recognizing imprisonment due to poverty can be equal protection violation and requiring trial court to inquire into ability to pay).

friends. Alexander testified at trial that, at the time of the murder, he was employed as a machinist in his brother-in-law's machine shop, owned a Harley-Davidson motorcycle, owned a pickup truck, and owned a recreational vehicle (RV), which served as his primary residence.

The State's argument, though, ignores the time gap between the murder and the Application; almost six months passed between the murder and Alexander's submission of the Application. Although the record establishes that Alexander was employed at the time of the murder, the record does not establish that Alexander was employed at the time of the Application. The record establishes that Alexander returned to work after being arrested and later quit his job.[2] We have been directed to nothing in the record that establishes the date Alexander resigned. Alexander's pickup truck was seized by the police as evidence in the murder, and there is no evidence that Alexander owned the RV at the time of the Application. Finally, the record contains no evidence concerning the monetary value of any of these assets— either at the time of the Application or at the time of trial.

The Texas Code of Criminal Procedure "requires a present determination of financial resources." *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (speculation about future resources not allowed). There is no evidence that Alexander was not indigent at the time he was ordered to pay attorney's fees. At the time of the order, Alexander was unemployed and facing immediate incarceration. As noted above, the record does not establish the monetary value of Alexander's assets.

---

[2]Alexander's brother-in-law testified that Alexander returned to work after his arrest and was not fired. Alexander resigned after his brother-in-law "tried to change some of his responsibilities in the shop, and he wasn't happy with the changes and decided he wanted to resign."

Second, the record contains no "present determination" or finding of Alexander's financial resources by the trial court. We cannot imply a finding that is in direct contravention of an explicit finding previously made by the trial court. The evidence relied upon by the State was not introduced to contest indigence. Alexander was never given any notice that the issue of his indigence was being relitigated, and the trial court never made an explicit finding based on the reconsideration of its earlier finding that Alexander was indigent. *See id.* at 252 ("Here, Appellant had been determined by the trial court to be indigent and there was never a finding by the court that he was able to re-pay any amount of the costs of court-appointed legal counsel."); *accord Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) ("because the trial court failed to find the applicant's financial status changed after initially finding the appellant to be indigent, the record is insufficient."). Similar to *Cates*, the trial court in this case never reconsidered its initial indigence finding and, in fact, never made another indigence-related finding.

On remand, the State's primary argument is that the bill of costs added to the record through supplementation provides sufficient support for the assessment of attorney's fees against Alexander. This argument completely ignores the trial court's determination that Alexander was indigent. Further the argument fails because an appellate record cannot be supplemented with evidence supporting attorney's fees awarded as court costs. *Mayer*, 309 S.W.3d at 557.

Because the trial court did not make a finding that Alexander had the financial resources to offset all or a part of the fees of his appointed counsel and because the record lacks any evidence to support such a finding, the trial court erred in assessing attorney's fees as court costs.

## II.     Court Costs

Alexander's final complaint is that the record contains no evidence to support the court costs assessed by the trial court.  Unlike attorney's fees, a trial court can order an indigent defendant to pay court costs, provided payment is not demanded before the trial court proceedings have concluded.  *See Hill v. State*, No. 06-12-00163-CR, 2013 Tex. App. LEXIS 5060, at \*15 (Tex. App.—Texarkana Apr. 24, 2013, no pet.) (mem. op., not designated for publication).  The original record in this case did not contain a bill of costs, and the State did not request supplementation of the record with a bill of costs

The Texas Court of Criminal Appeals and this Court have held that the appellate record can be supplemented with a bill of costs.  *See Johnson*, 2014 Tex. Crim. App. LEXIS 240; *Allen v. State*, No. 06-12-00166-CR, 2013 Tex. App. LEXIS 4171 (Tex. App.—Texarkana Apr. 3, 2013, no pet.).  The Texas Court of Criminal Appeals reasoned that "court costs are not part of the guilt or sentence of a criminal defendant, nor must they be proven at trial."  *Johnson*, 2014 Tex. Crim. App. LEXIS 240, at \*8.  However, the State did not attempt to supplement the record in this case with a bill of costs, though it argued that the record could be supplemented.

In *Johnson*, the Texas Court of Criminal Appeals held that a record can be supplemented with a bill of costs, but there is no requirement that an appellate record contain a bill of costs if the record contains some basis to support the court costs assessed.  *Johnson*, 2014 Tex. Crim. App. LEXIS 240, at \*23; *see also Perez v. State*, No. PD-0498-13, 2014 Tex. Crim. App. LEXIS 269, at \*15 (Tex. Crim. App. Mar. 12, 2014) (reaffirming limited review of court costs and

concluding complaints about court costs must be appealed at time community supervision originally imposed).

In *Johnson* the Texas Court of Criminal Appeals distinguished supplementation of the appellate record with a bill of costs, on the one hand, from supplementation that creates a new record, on the other.[3]  *See Johnson*, 2014 Tex. Crim. App. LEXIS 240, at \*13 n.4.  The court emphasized that they are distinguishable from other record supplementations because bills of costs are authorized to be produced after trial, they are produced by the trial court clerk rather than the trial judge, the trial court clerk has a ministerial duty to prepare and send a bill of costs, and court costs are a collateral matter to a defendant's guilt or punishment.  *Id*.  The court later explained, "[T]he bill of costs merely documents reimbursable court costs already accrued in connection with a defendant's case."  *Id*. at \*15–16.  *Johnson* reasons that

> an appellant is not prejudiced by the supplementation of the record under these circumstances because he or she need not object at trial to contest the imposition of court costs on direct appeal, and an appellant has a separate statutory remedy to correct erroneous or unsupportable costs.

*Id*. at \*16.  The court also noted, "The State directs us to no statutory language or precedential authority, nor have we found any, that would prevent a court of appeals from ordering an officer of the trial court to supplement the record with a bill of costs."  *See id.* at \*13.  Thus, *Johnson* suggests that this Court's general obligation, held concurrently with the parties, to ensure an accurate and complete record is filed applies to a bill of costs.  *See* TEX. R. APP. P. 34.5, 35.3.

---

[3]*See LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007); *Berry v. State*, 995 S.W.2d 699 (Tex. Crim. App. 1999); *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995); *Duncan v. Evans*, 653 S.W.2d 38, 39–40 (Tex. Crim. App. 1983).

The record has now been supplemented with a bill of costs signed by the district clerk and with an itemized list of court costs totaling $464.00. The bill of costs provides some basis in the record to support the trial court's assessment of $464.00 in court costs in the judgment.

**Conclusion**

For the reasons stated, we modify the judgment of the trial court by deleting the $9,647.50 assessment of attorney's fees and then affirm the judgment, as modified.

Jack Carter
Justice

Date Submitted:    May 15, 2014
Date Decided:     May 23, 2014

Do Not Publish

9