

# Fourth Court of Appeals
## San Antonio, Texas

April 2, 2020

No. 04-19-00216-CR

Luis Antonio **ARROYO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR5532
Honorable Laura Lee Parker, Judge Presiding

# O R D E R

This is an appeal from an escape-from-custody conviction. *See* TEX. PENAL CODE ANN. 38.06(a). Appellant and the State have submitted their respective briefs in the appeal, and the case was submitted on May 6, 2020. Thereafter, Appellant filed a motion for leave to supplement the clerk's record. Appellant requests to supplement the clerk's record with trial court documents from two separate trials: a capital murder trial and a murder trial. Appellant argues these documents are necessary to the determination of his points of error in the instant appeal.

Rule 34.5(c)(1) of the Texas Rules of Appellate Procedure governs supplementation of the clerk's record. It states: "If a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may by letter direct the trial court clerk to prepare, certify, and file in the appellate court a supplement containing the omitted item." TEX. R. APP. P. 34.5(c)(1). "[T]he term 'omitted' refers to material that already existed as part of the trial record but was omitted from the record on appeal." *Berry v. State*, 995 S.W.2d 699, 702 n.5 (Tex. Crim. App. 1999). This rule may not be "used to create a new trial record." *Id.*

Here, Appellant wishes to supplement the appellate record with material that was not a part of the trial record. Because this evidence was not offered or admitted in the trial court, it was never part of the trial record and, therefore, could not have been "omitted," as defined by the Texas Court of Criminal Appeals. *Id.* Therefore, supplementation of the clerk's record with this evidence would "create a new trial record," which is not allowed by the Texas Rules of Appellate Procedure. *See* R. 34.5(c)(1); *Berry*, 995 S.W.2d at 702 n.5; *see also Graham v. Pazos De La Torre*, 821 S.W.2d 162, 164–65 (Tex. App.—Corpus Christi 1991, writ denied)

(determining appellant could not supplement the clerk's record with a trial court order from a different proceeding when the order was not admitted as evidence at trial). Accordingly, Appellant's motion for leave to supplement the clerk's record is DENIED.

It is so **ORDERED** on April 2, 2020.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ
CLERK OF COURT