# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00742-CR

**The State of Texas, Appellant**

**v.**

**Brandon James Cielencki, Appellee**

## FROM THE 433RD DISTRICT COURT OF COMAL COUNTY,
## NO. CR2017-097, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State moves to abate and remand this cause to the trial court a second time for entry of findings of fact and conclusions of law. The State has appealed from the trial court's November 18, 2022 order granting Brandon James Cielencki's motion to suppress. After filing a notice of appeal in this Court, the State filed in the trial court on November 21, 2022, a request for findings of fact and conclusions of law. The clerk's record was filed in this Court on December 1, 2022, and the reporter's record was filed December 15, 2022.

The State moved to abate this appeal and remand the cause for filing of findings and conclusions because the filing of the appellate record deprived the trial court of jurisdiction. *See* Tex. R. App. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."). By order dated January 6,

2023, this Court granted the motion, abated the appeal, and remanded the cause to the trial court to make findings of fact and conclusions of law. On January 11, 2023, the trial court clerk filed a supplemental clerk's record containing findings of fact and conclusions of law signed on December 22, 2022.

The State filed a second motion to abate and remand in which it contends correctly that, because the trial court signed the findings and conclusions after the original appellate record was filed and before this Court abated this appeal, the findings and conclusions were null and void. *See Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (filing of appellate record deprives trial court of jurisdiction); *see also Berry v. State,* 995 S.W.2d 699, 701 (Tex. Crim. App. 1999) (findings and conclusions made by trial court after appellate record filed are null and void). The State requests another remand for the trial court to make findings and conclusions while it has jurisdiction, plus time for the parties to object to the findings, and for the court to make any additional findings and conclusions it deems appropriate.

We grant the motion. The trial court shall sign findings of fact and conclusions of law on or before February 10, 2023. Consistent with the rules of civil procedure, the parties shall file any objections to the findings and conclusions within ten days after the date the trial court makes its findings and conclusions, and the trial court shall file any amended or additional findings and conclusions within ten days after any objections and additional requests are filed. *See* Tex. R. Civ. P. 298; *see also State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (using rules of civil procedure to guide timetables regarding findings and conclusions). The trial court will retain plenary power over this cause until the time to file amended or additional findings or conclusions in response to the parties' objections and requests passes.

To avoid confusion over plenary power, this Court requests that the trial court's clerk not file a supplemental record until the date for the trial court to file any amended or additional findings and conclusions has passed, which we calculate will be March 3, 2023. The trial court's clerk shall file the record no later than March 13, 2023, absent further order of this Court.

Ordered January 31, 2023.

Before Chief Justice Byrne, Justices Triana and Theofanis

Abated and Remanded

Do Not Publish